{¶ 1} This appeal emanates from a final judgment of the Lake County Court of Common Pleas, ordering appellant, Abdullah H. Glenn, to serve maximum consecutive sentences.
{¶ 2} On February 8, 2001, the Lake County Grand Jury indicted appellant on the following charges: complicity to aggravated robbery, a felony of the first degree, in violation of R.C. 2923.03(A)(2), with a firearm specification as set forth in R.C. 2941.145; receiving stolen property, a felony of the fourth degree, in violation of R.C. 2913.51(A); and, failure to comply with order or signal of police officer, a felony of the fourth degree, in violation of R.C. 2921.331(B).
{¶ 3} On April 9, 2001, appellant withdrew his former plea of not guilty and entered a written plea of no contest to all of the charges. The trial court formally accepted the pleas and found appellant guilty of the charges through a judgment entry dated April 9, 2001. Thereafter, the trial court referred the matter to the probation department for the preparation of a presentence investigation report and victim impact statement.
{¶ 4} This matter came on for a sentencing hearing on May 3, 2001. At the close of the hearing, the trial court sentenced appellant to the maximum allowable term of ten years in prison on the complicity to aggravated robbery charge, the maximum term of eighteen months on the receiving stolen property charge, and the maximum term of eighteen months on the failure to comply with order or signal of police officer charge. All sentences were to be served consecutively to each other.[1]
Appellant was also sentenced to an additional term of three years for the firearm specification, which was to be served prior to and consecutive to the above sentence. Thus, the trial court imposed a sixteen year prison term on appellant, which is reflected in the trial court's May 8, 2001 sentencing entry.
{¶ 5} It is from this judgment, appellant appeals submitting two assignments of error for our consideration:
 {¶ 6} "[1.] The trial court erred by sentencing the defendant-appellant to the maximum term of imprisonment on all charges[.]
 {¶ 7} "[2.] The trial court erred to the prejudice of the defendant-appellant when it ordered consecutive sentences[.]"
{¶ 8} In the first assignment of error, appellant present three separate issues for our review, challenging the imposition of maximum sentences. We will address each issue in turn.
{¶ 9} Before doing so, we need to articulate the appropriate standard of review. In accordance with R.C. 2953.08, this court reviews a felony sentence de novo. State v. DeFabio (Dec. 21, 2001), 11th Dist. No. 2000-P-0037, 2001 WL 1647169, at 2; State v. Wilson (June 23, 2000), 11th Dist. No. 99-L-026, 2000 WL 816641, at 2. As such, we will not disturb a defendant's sentence unless we find, by clear and convincing evidence, that the record does not support the sentence or that the sentence is otherwise contrary to law. DeFabio at 2; Wilson at 2."Clear and convincing evidence is that evidence which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." DeFabio at 2. See, also, Wilson at 2.
{¶ 10} First, appellant maintains that the trial court's findings as to the factors set forth in R.C. 2929.12(D) relating to the likelihood of the offender's recidivism are not supported by the record. Specifically, appellant posits the record does not support the trial court's conclusion that he had refused treatment or denied having a drug abuse problem. According to appellant, in his presentence investigation interview, he acknowledged that he had a drug problem, and there was no evidence that he refused treatment to resolve his drug dependence. In fact, appellant contends that he has never been offered the opportunity to combat his drug dependence.
{¶ 11} In support of his contention, appellant relies on State v.McLemore (2000), 136 Ohio App.3d 550, 552-553, which held that the sentencing court's finding was contrary to law when it found that recidivism was likely based solely on the factor that the defendant had failed to acknowledge a drug abuse problem related to the offense. InMcLemore, the defendant acknowledged his prior pattern of drug abuse and had taken steps to address this problem.
{¶ 12} R.C. 2929.12(D) contains a non-exclusive list of factors relating to whether the defendant is likely to be a repeat offender:
 {¶ 13} "(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
 {¶ 14} "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense.
 {¶ 15} "(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, * * * or the offender has a history of criminal convictions.
 {¶ 16} "(3) The offender has not be rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code * * *, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 {¶ 17} "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 {¶ 18} "(5) The offender shows no genuine remorse for the offense."
{¶ 19} In considering the above factors, the trial court made the following findings in its sentencing entry:
 {¶ 20} "As to the factors set forth in R.C. 2929.12(D) indicating the defendant [appellant] is likely to commit future crimes, the Court finds that recidivism is more likely, because [1] the offenses were committed while defendant was on post release control from prison for prior armed robbery, where he was in prison for two years for the robbery and one year for the firearm specification; [2] the defendant's history of criminal convictions and delinquency adjudications; [3] defendant has not responded favorably to previously imposed sanctions; [4] alcohol/drug abuse was related to the offenses and the defendant denies the problem and refuses treatment; [5] there was no genuine remorse, where defendant stated that this incident was destiny and he prayed for divine justice to prevail over all; [6] defendant is a crack cocaine user and admitted dealer; [7] defendant admitted he has a hard time following the rules of society; and [8] the offenses occurred only four months after defendant was released from prison for another armed robbery.
 {¶ 21} "As to the factors set forth in R.C. 2929.12(E) indicating the defendant is not likely to commit future crimes, the Court finds no factors present."
{¶ 22} Upon consideration, we cannot say that the evidence clearly and convincingly demonstrates that the trial court erred in concluding that appellant posed a likelihood of recidivism.
{¶ 23} According to the presentence investigation report, at the time he committed the instant offenses, appellant was nineteen years old and on post release control for prior attempted aggravated robbery with a firearm, for which he received a three year prison term. Appellant was released from prison on August 9, 2000, and the instant offense occurred approximately four months thereafter, on December 5, 2000. The presentence investigation report also indicates that appellant has a history of criminal convictions and has been involved in the criminal system since the age of fifteen. Apparently, appellant has not responded favorably to previously imposed sanctions, such as probation and prison. In fact, appellant admitted that he "has a hard time following the rules of society."
{¶ 24} Appellant also advised the probation officer during the presentence investigation interview that he did not have anything to do with the instant offenses: "He said that he did not do what the police report said he did, and he did not have a weapon at the time of the offense." As for his written version of the offense as taken from the presentence investigation questionnaire, appellant declared: "`To my knowledge it was destiny. I just pray that true divine justice will prevail over all!!'" Thus, appellant has shown no genuine remorse for committing the instant offenses.
{¶ 25} Furthermore, the presentence investigation report indicates not only that appellant is drug dependent but an admitted drug dealer. According to appellant, he generates income from selling marijuana and crack cocaine. He started using marijuana at the age of thirteen. During this time, appellant was using the drug on a daily basis until he went to prison. Upon release from prison, appellant resumed usage, and also experimented with wet (marijuana laced in embalming fluid) on two occasions. Appellant further reported that he drank alcohol, usually Hennessey bourbon, approximately two times per week. Thus, while appellant did not expressly deny having a substance abuse problem, he essentially admitted to habitually engaging in illegal drug usage and underage drinking.
{¶ 26} It is, however, unclear whether appellant has a crack cocaine addiction, and whether this drug was involved in the instant offense. According to the presentence investigation report, "[w]hen the defendant was arrested for the instant offense[s], he claimed that he was using crack cocaine." However, during the presentence investigation interview, appellant seemingly refuted this statement by indicating that "the only time he was associated with crack cocaine was when he was dealing it." Nevertheless, the trial court chose to disbelieve appellant's recantation and found that "alcohol/drug abuse was related to the offenses * * *." We are mindful that a sentencing court is in the best position to make fact-intensive determinations. State v. Lewis, 11th Dist. No. 2001-L-060, 2002 Ohio 3373, at ¶ 18; State v. Fails, 11th Dist. No. 2000-P-0119, 2001-Ohio-8902, 2001 WL 1402002, at 3.
{¶ 27} As for treatment, there is no evidence that appellant had refused to participate in a substance abuse treatment program. Rather, the presentence investigation report merely indicates that "[appellant] has never had any treatment for his drug and alcohol issues."
{¶ 28} In light of the foregoing, even if we assume, arguendo, that the trial court erred in concluding that "[appellant] denies the [alcohol/drug] problem and refuses treatment[,]" this does not affect the outcome of this case. This is because four of the five factors listed in R.C. 2929.12(D), that is (D)(1), (2), (3) and (5), still apply to appellant. Unlike McLemore, supra, the instant sentencing entry cites these four factors to support its finding that recidivism was more likely. Accordingly, we conclude that the trial court's determination that appellant posed a likelihood of recidivism was supported by the record. See, e.g., State v. Lattimore (Feb. 22, 2002), 1st Dist. No. C-010488, 2002 WL 252451, at 4-5 (holding that the record supported the imposition of prison even though evidence did not support the finding that the defendant attempted or threatened physical harm to a person where the trial court also found that the defendant had previously served a prison term and was not amenable to community control).
{¶ 29} Second, appellant claims that the trial court erred by failing to give appropriate weight to the following mitigating factors under R.C. 2929.12(C): (1) appellant was raised in a physically abusive household by a drug-dependent mother; (2) he was forced to fend for himself on the streets at a very young age with minimal education; (3) his drug use and delinquent behavior correspondingly began at a young age.
{¶ 30} The factors that make an offense less serious than conduct normally constituting the offense are enumerated in R.C. 2929.12(C):
 {¶ 31} "(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
 {¶ 32} "(1) The victim induced or facilitated the offense.
 {¶ 33} "(2) In committing the offense, the offender acted under strong provocation.
 {¶ 34} "(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 {¶ 35} "(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense."
{¶ 36} During the sentencing hearing, appellant attempted to mitigate his sentence by citing to some of the same factors he mentioned above. In addition, the presentence investigation report refers to these factors as well. As to this point, the sentencing entry indicates that the trial court considered appellant's arguments and the presentence investigation report. Nevertheless, the trial court determined that none of the mitigating factors contained in R.C. 2929.12(C) were applicable to appellant's case. By doing so, the trial court presumably found none of appellant's proclaimed mitigation factors weighed in his favor to render his offenses less serious. We find no error in the trial court's determination. As such, there is no indication from the record that the trial court failed to consider or properly weigh the above mentioned mitigation factors.
{¶ 37} Third, appellant challenges that trial court's finding that he committed the worst form of the offense under R.C. 2929.14(C). According to appellant, the trial court incorrectly based its reasoning not on what occurred during the robbery itself, but on appellant's actions after the robbery when he fled the scene in a stolen vehicle. Appellant also believes that the facts of the robbery itself were not so extreme as to warrant the worst form of the offense because: (1) appellant was not the principal offender but rather a conspirator who drove the getaway car; (2) the victim indicated that after exiting her parked car, the principal offender approached her and demanded money, stating that he had a gun and would shoot her; (3) no gun was ever seen by the victim; (4) the victim handed over her purse, and the principal offender jumped into the passenger side of the car driven by appellant; and (5) the encounter, while frightening to the victim, was extremely brief.
{¶ 38} R.C. 2929.14(C) provides that the maximum sentence may only be imposed on defendants who fall into one of the four following categories: (1) those who committed the worst forms of the offenses; (2) those who pose the greatest likelihood of committing future crimes; (3) certain major drug offenders; or (4) certain repeat violent offenders. Only one of the four criteria of R.C. 2929.14(C) need be met to impose the maximum sentence. DeFabio at 2; Wilson at 2. Furthermore, a trial court must provide the reason underlying its decision to impose the maximum term. DeFabio at 2.
{¶ 39} In the instant matter, the trial court's judgment entry stated it found appellant met both the first and second categories set forth in R.C. 2929.14(C); that is, appellant committed the worst form of the offense, and he posed the greatest likelihood of recidivism:
 {¶ 40} "The Court further finds after weighing the seriousness and recidivism factors, maximum imprisonment is consistent with the purpose and principles of sentencing. The Court finds the defendant has the greatest likelihood to commit future crimes especially in light of the prior armed robbery conviction, imprisonment, and recent release. The Court further finds that the aggravated robbery and ensuing failure to comply with the order of a police officer was one of the worst forms of the offense, considering the totality of the circumstances, as any more egregious conduct would constitute another crime, an additional felony assault, in the case of the robbery; combined with the fleeing the scene in a stolen car; and a high speed, lengthy police pursuit. The police pursuit was one of the worst forms of the offense, because of the distance, duration, speeds, other violations involved, traveling through multiple jurisdictions (over one-third of Lake County) after the commission of an armed robbery, in a stolen motor vehicle. The Court further finds these offenses to be a `spree,' whereby there were multiple victims in two counties, in separate and unrelated incidents. The stolen vehicle was unrelated meaning it was not a crime of similar import to the robbery; it involved another victim in another county, and a completely separated animus, justifying a consecutive [sic] sentence."[2]
{¶ 41} While we question whether the facts of this case constituted the worst form of the offense, the trial court also imposed the maximum sentence pursuant to the second criteria; that is, appellant posed the greatest likelihood of recidivism. Wilson at 4. To justify its determination that appellant posed the greatest likelihood of committing future crimes, the trial court noted that appellant had a prior armed robbery conviction, was imprisoned, and recently released.
{¶ 42} Although the trial court only mentions appellant's prior incarceration for a similar offense, there is ample evidence to support the conclusion that appellant poses the greatest likelihood of committing future crimes. For instance, appellant has a history of criminal convictions, he has not responded favorably to probation or imprisonment, he has difficulty following the rules of society, he generates income as a drug dealer and is drug dependent, and he has not shown any genuine remorse for the offenses. In fact, appellant committed the instant offenses while on post-release control and only four months after being released from prison. All of these factors are indicative of the greatest likelihood to recidivate.
{¶ 43} In summation, the trial court's decision to sentence appellant to the maximum terms for his offenses is amply supported by the record and is not contrary to law. Appellant's first assignment of error is, therefore, without merit.
{¶ 44} In assignment of error two, appellant challenges the imposition of consecutive sentences, submitting that the trial court failed to state its reasons for imposing consecutive sentences as required by R.C. 2929.19(B)(2)(c).
{¶ 45} Before a trial court may impose consecutive sentences, it must make the findings contained in R.C. 2929.14(E)(4) on the record.Lewis at ¶ 8; State v. Norwood (June 8, 2001), 11th Dist. No. 2000-L-072, 2001 WL 635951, at 4. First, the trial court must determine that consecutive sentences are "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public[.]" R.C. 2929.14(E)(4). Second, the trial court must find that one of the additional factors listed in R.C. 2929.14(E)(4) is also present: (a) that the offender was awaiting trial or sentencing or was under community control sanctions; (b) that the harm caused by the offenses was so great that a single prison term would not adequately reflect the severity of the conduct; or (c) that the offender's prior criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime. Lewis at ¶ 8; Norwood at 4.
{¶ 46} Additionally, when consecutive sentences are imposed under R.C. 2929.14, the trial court must also comply with R.C. 2929.19(B)(2)(c), which demands that the trial court justify its imposition of consecutive sentences:
 {¶ 47} "(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
{¶ 48} "* * *
 {¶ 49} "(c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences[.]"
{¶ 50} In the instant matter, the trial court complied with R.C.2929.14(E)(4) by finding in its judgment entry that "consecutive sentences [were] necessary to protect the public and punish [appellant], and [were] not disproportionate to the seriousness of [appellant's] conduct and the danger [appellant] imposes [sic] to the public * * *." Further, the trial court relied upon more than one of the factors listed in R.C. 2929.14(E)(4). It relied upon all three, to wit: subsection (a), (b), and (c).
{¶ 51} However, the trial court failed to set forth its reasons for selecting the consecutive sentences as required by R.C.2929.19(B)(2)(c). Although the trial court stated during the sentencing hearing that "[appellant's] long criminal history shows that * * * consecutive sentences [were] necessary to protect the public[,]" this did not satisfy the requirements of R.C. 2929.19(B)(2)(c) to provide reasons why consecutive sentences were imposed. See, e.g., Norwood at 4. Rather, it was merely one of the findings made by the trial court pursuant to R.C. 2929.14(E)(4)(c). Norwood at 4.
{¶ 52} We further note that while the trial court considered the factors set forth in the companion statutes of R.C. 2929.12 and R.C.2929.13, the court failed to specify that these factors were the underlying reason for imposing consecutive sentences. For instance, inLewis, supra, during the sentencing hearing, the trial court specifically stated that the defendant's drug and alcohol abuse, failed rehabilitation, antisocial traits, poor impulse control and anger management were the reasons for imposing consecutive sentences. Id. at ¶ 28-36. This did not occur here. Accordingly, appellant's second assignment of error is well-taken.
{¶ 53} Based on the foregoing analysis, the judgment of the trial court is affirmed in part as to the imposition of maximum sentences, reversed in part as to the order of consecutive sentences, and the matter is remanded for proceedings consistent with this opinion and law. On remand, the trial court is instructed to comply with R.C. 2929.19(B)(2)(c) in that it must specify its reasons on the record for imposing consecutive sentences. While we do not anticipate the outcome upon remand to be any different, this court is obligated to enforce specific compliance with the statutory directives.
WILLIAM M. O'NEILL, P.J., ROBERT A. NADER, J., concur.
[1] R.C. 2929.14 delineates guidelines for the lengths of prison terms. According to R.C. 2929.14(A)(1), the maximum prison term for a felony of the first degree is ten years, while R.C. 2929.14(A)(4) provides that the maximum prison term for a fourth degree felony is eighteen months.
[2] With respect to the last statement by the trial court, we believe that the trial court inadvertently referred to consecutive rather than maximum sentence.